State ex rel. v. Mattlage.

STATE OF MISSOURI ex rel., JOHN H. SCHROEDER et al., Appellants, v. CHAS F. MATTLAGE et al., Respondents.

**St. Louis Court of Appeals, December 18, 1900.**

1. **Indemnifying Bond: ATTACHMENT CREDITORS: EVIDENCE OF FRAUD.** Where suit is brought on an indemnifying bond given by attaching creditors, to plaintiff who had made written claim of absolute ownership in goods attached in the possession of plaintiff, which had been transferred to it by the defendant in the attachment suit, evidence of fraud on the part of defendant in the original attachment suit is not admissible against plaintiff unless it tends to show that the plaintiff in the suit on the bond against attaching creditors participated in the fraud on the part of defendant in disposing of the assets to which it had acquired title wrongfully.

2. ———: ———: ———: **BURDEN OF PROOF: PRIMA FACIE CASE: OWNERSHIP.** In the case at bar the rule of law is, that the burden of proof is upon plaintiff to show title in himself to the goods in controversy as against the right of defendants as attachment creditors. While possession makes a *prima facie* case in the absence of countervailing evidence, still this is a mere presumptive right in the plaintiff which in no wise relieves him from the burden of sustaining his title by other evidence when his *prima facie* case has been met by evidence of fraud in the disposition of the property by the immediate transfer to plaintiff.

Appeal from the St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

REVERSED AND REMANDED.

*Daniel Dillon* and *Geo. E. Eggers* for appellants.

The court erred in overruling the objections of plaintiff

to the testimony of the witnesses Hasse, Saunders, Grubbs and Miner. This testimony was offered for the purpose of proving that the Canmann-Voelkers Fish Co. bought goods fraudulently, and it had that tendency. It was objected to on the ground that it was irrelevant and immaterial, for the reason that it was immaterial in this suit in what manner said company had acquired its goods; and for the further reason that the answer did not plead that said company either bought or sold goods fraudulently. See pages 52 to 59 of Abstract. At least two decisions of our Supreme Court are directly in point and cover this case so completely as to leave no room for discussion. Bangs Milling Co. v. Burns, 152 Mo. 350; see pages 365 to 377; Stokes v. Burns, 132 Mo. 214; pp. 221 to 226. Plaintiff proved that relators were in possession of the goods as owners when they were seized under a writ of attachment against a stranger. This showing made a strong *prima facie* case in favor of plaintiff, on which it was entitled to go to the jury. State ex rel. Schroeder v. Moos & Co., Missouri Appeal Reporter, vol. 3, p. 284; State ex rel. v. Hope, 88 Mo. 435; Weeks v. Etter, 81 Mo. 375; Baer v. Groves, 46 Mo. App. 245.

*Joseph Wheless* and *John A. Harrison* for respondents.

(1) The material allegation of relators' petition, their cause of action, is this: "That at the time of the levy, and thereafter, these relators were the absolute owners of the property so levied upon." The answer, concise, incisive is, "defendants deny each and every allegation in plaintiffs' petition contained." In other words, deny that plaintiffs were the owners of the property levied on. In a word, deny plaintiff's cause of action *in toto*. "The object of the denial is to put in issue the material allegations of the plaintiff; and if any one

material fact is denied, and not sustained by evidence, the plaintiff will fail." * * * "Facts may be proved, although apparently new matter, which, instead of confessing or avoiding, tend to disprove those alleged by the plaintiff." Such facts support the denial. The plaintiff's allegations can not be true, because of certain other facts which are inconsistent with them. "In actions for the recovery of personal property, a denial puts in issue the plaintiff's ownership." "In an action of trespass for taking goods, the answer simply denying the ownership, the defendant may prove that the sale under which the plaintiff claims title was void, as made in fraud of creditors." Bliss Code Pleading, secs. 327-8-9; Greenway v. James, 34 Mo. 327. (2) "Any evidence is admissible which tends to show that a cause of action never existed or that it was void *ab initio*." Hoffmann v. Parry, 23 Mo. App. 20; Scudder v. Atwood, 55 Mo. App. 512; Madison v. Railroad, 60 Mo. App. 599; Hardwick v. Cox, 50 Mo. App. 509. (3) "Under a general denial, the defendant may offer in evidence anything that tends to show that, at the institution of the action, plaintiff had no title to the matter in controversy, or right to his alleged cause of action, as fraud in the acquisition of plaintiff's title, or that ownership was in a third person, or that the alleged cause of action never existed." Thomas v. Ramey, 47 Mo. App. 84. (4) The declaration made to Minor, coupled with defendant's insolvency but a short time afterwards, had a strong tendency to show that the declaration was a part of his plan for obtaining large and unaccustomed credits, to the ultimate end of fraudulently absorbing their fruits." Kramer v. Wilson, 22 Mo. App. 173; Gries v. Blackman, 30 Mo. App. 2.

BOND, J.—Defendants were creditors of the "Canmann-Voelkers Fish Company," a trading corporation, and

in 1898, brought suit by attachment, which was levied upon certain goods and effects in the hands of plaintiffs, a copartnership, under the firm name and style of the "Missouri Fish Company." Thereupon said copartnership made written claim of absolute ownership in said goods, whereupon defendants executed the bond now sued upon to indemnify the attachment officer, who thereafter proceeded with the sale of the attached property. To recover the value of the same plaintiffs brought the present action upon said bond. The answer was a general denial. There was a verdict for defendants, from which plaintiffs have appealed.

The first error assigned is the ruling of the court admitting, over plaintiffs' objection, testimony tending to show that the defendant in the original attachment suit (the Canmann Voelkers Fish Co.), acquired title to the attached property by fraud. The tendency of such evidence was to show that the managing officers of that corporation were wrong-doers or tort-feasors engaged in a general plan of cheating and defrauding those persons who sold goods to it. The evidence in question had no tendency to support the charge of fraud on the part of the corporation in disposing of the goods to which it had acquired title however wrongfully. It should therefore have been excluded from the jury as irrelevant to the issues in this case which were simply whether or not the present plaintiffs participated in the fraud of the defendant in the attachment suit in the disposition by it of its assets. The fraud of the latter corporation was established by the final judgment in the attachment suit against it, hence the only issue in this case was whether or not the plaintiffs herein were mediately or immediately connected with that fraud, or participated in its consummation. As to this inquiry, clearly evidence of the manner of acquisition of title by the

original defendant in the attachment suit was wholly immaterial and incompetent. Bangs Mill Co. v. Burns, 152 Mo. l. c. 365 et seq.; Stokes v. Burns, 132 Mo. l. c. 221-226.

There is no lack of scope in the general denial contained in the answer to warrant any evidence which would tend to disprove title in the present plaintiffs. Scudder v. Atwood, 55 Mo. App. 512. The question is not one of breadth or latitude of pleading; it is rather one of proof-power of evidence under the rule requiring the testimony to be confined to the issues on trial. The testimony complained of had no logical bearing on the issue of fraud in the title of the present plaintiffs, who were prejudiced by its misreception, since its only effect could have been to confuse the minds of the jury as to the true issues submitted for their determination, probably leading them to infer erroneously that the fraud on the part of the original defendant in the attachment suit was the sole question to be resolved by their verdict.

There are also some tautologies and inaccuracies in the instructions given of the court's motion and at the request of respondent, which may be corrected upon a new trial. The rule of law governing this case is, that the burden of proof is upon plaintiffs to show title in themselves to the goods in controversy as against the right of defendants as attachment creditors. While possession makes a *prima facie* case in the absence of countervailing evidence, still this is a mere presumptive right in the plaintiffs which in no wise relieves them from the burden of sustaining their title by other evidence when their *prima facie* case has been met by evidence of fraud in the disposition of the property by the immediate transferrer to plaintiffs.

For the reasons herein given, the judgment is reversed and the cause remanded. All concur.